IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER JAMES SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIV. ACT. NO.  2:12CV230-MEF-TFM ) (WO) |
| AUBURN UNIVERSITY, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

On March 13, 2012, Peter James Smith ("Smith") filed a complaint *pro se*, alleging that Auburn University and its trustees violated Title II, Title VI, and Title VII of the Civil Rights Act by issuing a letter banning him from the campus of Auburn University at Montgomery ("AUM") in September 2009.  (Doc. No. 1, p. 1.)  Smith names Auburn University, The Auburn University Board of Trustees, Raymond J. Harbert, Virginia N. Thompson, James W. Rane, Sarah B. Newton, Charles D. McCrary, Robert E. Lowder, Gaines Lanier, Samuel L. Ginn, Byron P. Franklin, Dwight L. Carlisle, John G. Blackwell, and Bob Riley as defendants. Upon review of the Complaint, the Court concludes that dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**II.  Discussion**

**A.  The Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is

frivolous or . . . fails to state a claim for which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. June 16, 1981).[2] Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*,695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(I), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).

### B. The Civil Rights Act Claims

Smith alleges that the defendants violated Title II, Title VI, and Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000a, 2000d, 2000e, by sending him a letter advising that he is prohibited from the AUM campus. Smith, however, fails to provide details of how

---

[1] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

any of the named defendants' alleged actions constitute viable claims upon which relief may be granted. In addition, the federal claims as alleged are "without arguable merit either in law or fact." *Bilal*, *supra*. For example, as a student of the University with no employer-employee relationship, Smith is not afforded Title VII protection. *See* 42 U.S.C. § 2000e-2(a)(1). *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). [3] This court therefore concludes that the civil rights claims are due to be dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I) and (ii).

### B. The Settlement Agreement Claim

Smith alleges that the defendants breached the terms of a settlement agreement in the *Knight* case by banning him from the campus of AUM.[4] It is well settled that "parties cannot create federal jurisdiction by agreement." *Kirkland v. Midland Mort. Co.*, 243 F.3d 1277, 1279 n. 1 (11th Cir. 2001); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 n. 17 (1951) (quoting *People's Bank v. Calhoun*, 102 U.S. 256, 260-61 (1880)) ("It needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States jurisdiction to

---

[3] The court likewise questions whether Smith exhausted his administrative remedies before filing his complaint or timely filed his federal claims challenging the Board's September 2009 decision. Smith did not submit a notice of right-to-sue letter in the instant action. However, court records indicate that in *Smith v. Auburn University*, 2:11cv364-MHT (M.D. Ala. 2011), Smith provided documentation indicating that, on April 2, 2010, the Office of Civil Rights for the United States Department of Education advised him that he "may have the right to file a private suit in federal court." (Attach. to Doc. No. 1.)

[4] The plaintiff did not provide the case number or other identifying information for the *Knight* case. Therefore, the court is unable to discern whether Smith is a named party in the settlement agreement.

hear and decide a case."). Thus, the parties' agreement by itself does not itself create an independent federal action for breach of contract.

To the extent Smith asserts a state law claim of breach of contract, his claim is due to be dismissed in this court. A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The complaint indicates that all of the parties are citizens of the State of Alabama. Thus, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

Consequently, the court's exercise of supplemental jurisdiction over the remaining state law claim is discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction. . . ." The court's discretion is advised by *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

4

*Id*. at 726. And, in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice . . ." Accordingly, the court concludes that the state law claim of breach of contract should be dismissed without prejudice.

### III. Conclusion

Based on the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's breach-of-contract claim be dismissed without prejudice and his remaining claims be dismissed with prejudice.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 23, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 6th day of April, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE